UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| H.R. BUSHMAN & SON, CORP., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )  Case No. 4:06CV1638 CDP ) |
| SPUD PACKERS, INC., et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

H.R. Bushman & Son, Corp. seeks preliminary injunctive relief against Spud Packers, Inc., Terry W. Humes, and MaryKay Macheca enjoining them from dissipating the assets of a statutory trust created by the Perishable Agricultural Commodities Act (PACA). Bushman sold produce to the defendants in the amount of $327,688.80, for which it has not yet received payment. I entered a temporary restraining order on November 13, and held a hearing on the preliminary injunction request on November 28. At the hearing defendants argued that the PACA trust did not apply because plaintiff had sent it documents modifying the payment terms. I conclude that even if defendants are correct, the evidence justifies a preliminary injunction against Spud Packers and Terry W. Humes to the extent of $182,788.50. This amount was not the subject of any

alleged modification, and Bushman has met the other requirements for injunctive relief.  I will deny the request for preliminary relief as to defendant MaryKay Macheca, as there is no evidence that she is in possession of any PACA trust assets.

## Background

Bushman sold potatoes and onions to Spud Packers, which is owned and operated by Terry Humes.  As a result of a series of shipments between July 20, 2006 and October 12, 2006, Spud Packers owes Bushman $327,688.80.  The payment terms on each invoice required payment within thirty days, but in their past dealinges Spud Packers had often paid late.  One of Bushman's salespeople, Tom Pupillo (who is related to Bushman's owners), sent Humes a series of fax transmissions that defendant argues extended the payment terms.  The faxes are copies of Bushman statements, and the typed portion lists invoice numbers, dates and amounts, and shipment dates.  The typed statements contain indications showing which invoices are current, and which are 31-45, 46-60, or 61-120 days past due.  On the statements Tom Pupillo drew lines for certain invoices, wrote the totals of those invoices, and then wrote things like "due today" or "due Friday."  On the exhibit that lists the invoices that are the subject of this lawsuit, there are several notations showing amounts "over 90 days" as of certain dates.  Defendant

argues that these notations extended the payment terms and that therefore the PACA trust does not apply. There are no notations for any shipments made after August 5, and the amounts owed where there are no handwritten notations total $182,788.50.

Bushman's evidence showed that Spud Packers has admitted that it does not have sufficient funds to pay its creditors, including those who may have PACA trust claims. Defendants presented evidence that MaryKay Macheca was granted a minority interest in Spud Packers in her divorce from Humes' ex-partner, but that she has had no involvement in any way in the business and she certainly has no PACA assets.

## **Discussion**

To determine whether preliminary injunctive relief should be granted, I must apply the familiar four-factor test: (1) the likelihood that the movant will succeed on the merits; (2) the threat of irreparable harm; (3) the balance between this harm and the injury that granting the injunction will inflict on other parties to the litigation; and (4) the public interest. <u>Dataphase Systems, Inc. v. C L Systems, Inc.</u>, 640 F.2d 109, 113 (8th Cir. 1981).

Bushman has shown that it is likely to succeed on the merits of this case, and that it will suffer irreparable harm if an injunction does not issue.

Additionally, the public interest favors issuing the injunction. Even assuming that there may be a PACA trust defense as to some of the amount Spud Packers owes Bushman, Bushman is entitled to a preliminary injunction to prevent Spud Packers and Humes from dissipating trust assets at least up to the undisputed amount of $182,788.50.

1. <u>Likelihood of Success on the Merits</u>

Bushman will likely be able to prove that it is owed the full amount of $327,688.80. It is also likely to be able to prove that as the seller of perishable agricultural commodities, it is the beneficiary of a statutory trust provided for by PACA. PACA is intended to "protect small farmers and growers from the sharp practices of financially irresponsible and unscrupulous brokers in perishable commodities." <u>In re Lombardo Fruit and Produce Co.</u>, 12 F.3d 806, 808 (8th Cir. 1993). In 1984, Congress amended PACA to read:

> Perishable agricultural commodities received by a ... dealer ... in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such ... dealer ... in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transaction has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c)(2). Bushman will be able to show that Spud Packers is a

dealer as defined by PACA in that Spud Packers is a purchaser of produce in wholesale quantities. Additionally, the produce in question met the PACA requirement of being sold in interstate commerce.

Defendants made no attempt to contest the elements of a PACA trust at the hearing, except their argument that the payment terms had been modified as to some of the invoices. Defendants insisted that the hearing go forward rather than being postponed as plaintiff requested, and so they cannot complain that they were not given an opportunity to present whatever evidence they thought was necessary. As stated above, while Bushman contends that its invoices contained all of the language necessary to preserve its PACA trust rights in compliance with 7 U.S.C. § 499e(c)(4), Spud Packers presented evidence and argument in an attempt to show that the parties had reached an agreement that payment would not be due within the 30 day period required by PACA. See 7 C.F.R. § 46.2. The significance of such an agreement would be that Bushman would lose the benefit of the statutory PACA trust.

The Eighth Circuit has held that only a written agreement, not an oral agreement or the parties course of dealings, can validly extend the payment terms beyond those specified in the parties' written agreement. In re Lombardo Fruit and Produce Co., 12 F.3d at 811. Whether Tom Pupillo's handwritten notations

constitute a written modification is a close factual dispute. I need not determine, at this time, whether the faxed documents constitute a written agreement extending the terms beyond thirty days, because there is no evidence of any written extension agreement with regard to any produce shipped after August 5, 2006. Therefore, Bushman has presented undisputed evidence of commodities covered by the PACA trust at least to the amount of $182,778.50. This amount is greater than the amount which has supported injunctive relief in other PACA cases. See Western Onion Sales, Inc. v. Kidco Farms Processing, Inc., 2006 WL 2604821, at *1 (D.N.D. Sept. 8, 2006). Bushman has shown that it is likely to succeed on the merits.

  2. Threat of Irreparable Harm

Bushman asserts that injunctive relief is necessary to avoid dissipation of PACA trust assets. While the Eighth Circuit has not addressed the appropriateness of issuing preliminary injunctive relief in a PACA case, it has ruled, in a different context, that a plaintiff established "irreparable harm" when he would be entitled to monies held in an escrow account if he prevailed. Lynch Corp. v. Omaha Nat. Bank, 666 F.2d 1208, 1212 (8th Cir. 1981). While Lynch was not a PACA case, its situation is analogous to that here. Additionally, several other courts have found irreparable harm where a plaintiff alleges dissipation of PACA trust funds.

See Tanimura and Antle, Inc., et al. v. Packed Frest, Inc., et al., 222 F3d 132, 139 (3rd Cir. 2000); Continental Fruit Co. v. Gatziolis & Co., 74 F.Supp. 453 (N.D. Ill. 1991); Gullo Produce Co. v. A.C. Jordan Produce Co., 751 F.Supp. 54, 67 (W.D. Pa. 1990).

Bushman has established that Spud Packers is in financial trouble and is unlikely to be able to pay all of its creditors. Bushman presented evidence that Spud Packers does not have sufficient funds to satisfy its PACA trust claims and that Spud Packers has diverted PACA trust assets to pay the claims of other creditors. Spud Packers presented no evidence to counter these conclusions and did not raise any argument on these issues at the preliminary injunction hearing.

Bushman has not established that injunctive relief against defendant Macheca is necessary to protect it from irreparable harm. There is no evidence that Macheca has any PACA trust assets or any control over PACA trust assets.

  3. Balance of the Harms

Between Bushman, Spud Packers, and Humes, the balance of harms factor of the Dataphase test supports neither party in this case. Although, Bushman would suffer great harm from the dissipation of trust assets, the issuance of an injunction against Spud Packers and Humes and the resulting shut-down of the business would cause significant harm to it as well.

In granting equitable relief such as a preliminary injunction, the Court considers the actions of both parties. There is no evidence here that either party has acted inequitably. Spud Packers' brief argues that Bushman has an improper motive, but Spud Packers has presented no evidence to support these allegations. Spud Packers objected to any postponement of the hearing, so if it wished me to consider additional evidence, it should have presented that evidence at the hearing, rather than making unsubstantiated charges in its brief.

4. The Public Interest

The underlying purpose of PACA was to protect perishable commodity producers such as Bushman in situations precisely like this. See 7 U.S.C. § 499e(c)(1) ("This subsection is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest."). This factor favors issuance of the injunction.

**Conclusion**

The preliminary injunction that Bushman requests would freeze the assets of defendants unless they pay their full debt. Because of the factual dispute over whether the payment terms were modified in writing as to part of that debt, I believe that the amount which must be paid in order for the injunction to be lifted should be the lower amount. Development of a further record, of course, may

change the result at trial, but based on the evidence now before me, I find that Bushman is likely to succeed on the merits of its breach of contract claim in the full amount, but that an injunction should issue with regard only to the portion of that debt that is undisputedly covered by PACA.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for preliminary injunction [#8] is GRANTED as to Defendants Spud Packers and Humes. A separate preliminary injunction is being entered.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction [#8] is DENIED as to Defendant Macheca.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of December, 2006.