**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| H.R. BUSHMAN & SON CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  4:06 CV 1638 CDP |
| | ) | |
| SPUD PACKERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ESTABLISHING PACA CLAIMS PROCEDURE

Plaintiff H.R. Bushman & Son Corp. seeks an Order establishing a procedure for assessing the validity of all potential trust claims asserted against the defendants, the Chapter 7 Debtor, Spud Packers, Inc. and against the non-debtor co-defendant, Terry W. Humes, under the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a-499t (2000 & Supp. 2001)(PACA).

Upon this Motion, the Court finds as follows:

A.    Plaintiff and others have asserted PACA trust claims against the Defendants based on sales of fresh or frozen fruits and vegetables (Produce) to the Defendants.

B.    Section 499e(c) and the related trust provisions of the PACA establish a statutory non-segregated trust under which the Defendants must hold all inventory, proceeds and receivables from the sale of Produce, as well as any and all assets

acquired or maintained with such proceeds, in trust for the benefit of unpaid and properly preserved PACA trust claims. Among those assets, which are clearly within the scope of the PACA trust, are the accounts receivable generated in the name of the Defendants. These Receivables, as well as all other assets held in the Defendants' name, are properly within the scope of the PACA trust and are herein referred to as the "PACA Trust Assets."

C.      This Order is necessary to facilitate the qualification of any and all PACA claims against the PACA Trust Assets and the liquidation of these PACA claims to the point of judgment against each of the Defendants in favor of each qualified PACA trust claimant for a sum certain.

Based on the foregoing, **IT IS HEREBY ORDERED, as follows:**

1.      Any and all pending actions by or on behalf of other persons or entities holding claims against any of the Defendants which arise under or relate to the PACA or unpaid deliveries of Produce are hereby stayed and all subsequent actions by any unpaid seller of Produce to the Company are hereby barred. This prohibition shall apply to all action or proceedings before the USDA and in all courts or other forums pending further Order of this Court. Except as set forth herein, all persons or entities having unsatisfied claims against the Defendants arising under or relating to the PACA for unpaid deliveries of Produce to the Defendants shall have the right to seek

2

a recovery on such claims in this action only by following the procedure established herein.

2. This Order shall be binding upon the parties to this action, their officers, agents, employees, banks, or attorneys and all other persons or entities who receive actual notice of the entry of this Order. In this regard, the Company is hereby directed to serve a copy of this Order on all financial institutions with which the Company does any business or who may be holding any assets for or on behalf of the Company.

3. Counsel shall, within five (5) business days from the entry date of this Order, issue a written notice ("the Notice") to all such potential claimants of the deadlines set forth in this Order. Such written notice shall be accompanied by a copy of this Order and a PACA Proof of Claim form ("PACA Proof of Claim") for the convenience of the recipient, and shall be sent via certified mail, return receipt requested or equally verifiable means to prove delivery upon the recipient.

4. The Notice shall be structured on the following schedule:

**Deadline to Intervene & File PACA Proof of Claim** . . . . . . . **March 26, 2007**

**Deadline for Objections to any PACA Proof of Claim** . . . . . .**April 16, 2007**

**Deadline for Replies to Claims Objections** . . . . . . . . . . . . . . .**May 1, 2007**

5. Each unpaid supplier of Produce to the Company holding a claim for nonpayment for Produce and alleging rights under the PACA Trust, shall file with the

Clerk of the Court for this District and shall serve the same on all counsel of record, on or before the Proof of Claim deadline, a Complaint in Intervention which complies with Rules 8 and 24 of the Federal Rules of Civil Procedure and a PACA Proof of Claim in the form attached as Exhibit A, together with any and all documents supporting its claim.

6.      Any supplier or creditor who fails to timely file such complaint and proof of claim with the Court and serve it on all counsel of record, shall be forever barred from thereafter asserting any claim against the Company under the PACA or for non-payment of Produce sold, whether in this Court or any other forum.  While claimants may be represented by counsel of their choice in this matter, all claims shall be verified by either the owners or the authorized officers of the respective claimants having personal knowledge of the facts comprising such claims.

7.      Any objections to any PACA claims must be filed with the Clerk of the Court and served upon all counsel of record.  Any and all such objections must be filed and served on or before the "Objection Deadline."  The objection must set forth in detail the legal and factual basis for the objection to each invoice subject to the objection.

8.      On or before the "Reply Deadline," any PACA claimant whose claim is subject to an objection may file with the Court and serve on all counsel a detailed response to any objection received.

9.      Any PACA claim listed on a Proof Of Claim to which no objection has been filed and served prior to the Objection Deadline, shall be deemed a valid PACA trust claim for the full amount stated in the PACA Proof Of Claim.  Similarly, any PACA claim listed on a Proof Of Claim to which an objection was timely filed but fails to file a reply on or before the Reply Deadline, shall be disallowed to the extent of the timely-filed Objection.

10.     The claimant and the objecting party shall thereafter exercise best efforts to resolve any Objections.  In the event the claimant and the objecting party are unable to resolve such dispute or the objection in not withdrawn, such dispute shall be submitted to the Court for summary resolution pursuant only to the objection, response and reply.

11.     After the Objection Deadline, Plaintiff's Counsel shall prepare a chart listing each person or entity having properly and timely filed a complaint in intervention and a verified PACA Proof  of Claim, the amount of the claims and the disputed and undisputed portions of each claim to expedite the Court's resolution of the remaining disputed claims (the "PACA Trust Chart").

12.    In order to ensure all trust beneficiaries share in the costs and expenses incurred in enforcing the Defendants' obligations under the PACA on the same pro-rata basis as they are accepting the benefits of such actions, including the prospective costs of marshaling the PACA Trust assets for their direct benefit, Plaintiff's Counsel may request reimbursement of their fees and costs on a common fund theory, with such allowed fees and costs to be paid from the common fund created through this procedure, and with such amounts to listed on the PACA Trust Chart for any objections by qualified PACA trust claimants.

13.    If no PACA Trust Beneficiary files an objection to the proposed treatment of their claims or the common fund fee figures as listed on the PACA Trust Chart within ten (10) days of its being filed, all figures shall be conclusively determined. Any timely objections to the PACA Trust Chart shall be resolved between the parties or submitted to the Court on motion for ruling.

**SO ORDERED, this 14th day of February, 2007**

_Catherine D. Perry_
**Hon. Catherine D. Perry**
**UNITED STATES DISTRICT JUDGE**