UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| H.R. BUSHMAN & SON, CORP., et al., ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 4:06CV1638 CDP |
| SPUD PACKERS, INC., et al., ) ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This order addresses the question whether the preliminary injunction issued on December 5, 2006 remained in effect even though I had administratively closed the case following defendant Spud Packers, Inc.'s declaration of bankruptcy. It is undisputed that in April 2007, defendant Terry Humes sold property at 4400 Geraldine Avenue. It is also undisputed that, if the preliminary injunction was in force in April 2007, the sale of the Geraldine property violated the preliminary injunction. The pending motion for contempt presents other factual issues that I need not resolve at this time, but the legal ruling in this order will control the remaining proceedings in the case. For the reasons that follow, I conclude that my administrative closure of this case did not affect the preliminary injunction.

## Discussion

This is an action by several produce venders to collect from defendants Spud Packers, Inc. and Terry Humes under the Perishable Agricultural Commodities Act. On December 5, 2006, I entered a preliminary injunction to prevent defendants from disposing of assets that were protected by a PACA trust, and on December 11, 2006, defendant Spud Packers filed a suggestion of bankruptcy, indicating that Spud Packers had filed for bankruptcy in this district. After I was notified of the suggestion of bankruptcy, I ordered the Clerk of Court to administratively close the case, subject to reopening on a motion by any of the parties.[1] Thereafter, Bushman filed a motion to reopen the case, and I reopened the case on February 2, 2007.

Once the case was reopened, a claims procedure was established to determine the validity of all PACA trust claims, and I dismissed one of the defendants. Sometime thereafter, defendant Humes sold the Geraldine property.

---

[1] My administratively closing the case was an error, albeit one none of the parties brought to my attention. Only defendant Spud Packers, Inc. filed for bankruptcy protection, and I should have simply stayed the case as to defendant Terry Humes pending resolution of Spud Packers' bankruptcy. See Lehman v. Revolution Portfolio LLC, 166 F.3d 389, 392 n. 5 (1st Cir. 1999).

Plaintiffs later learned of the sale and filed a motion for contempt. I set the motion for a hearing, along with a bench trial on the PACA claims, for December 2007. Thereafter, several issues arose, including an indication that mediation of this case would be appropriate, and I agreed to reset the hearing and the bench trial for March 2008. Recently, Bushman filed a motion to enforce the injunction and sought a ruling on the legal question regarding the continuing force of the preliminary injunction. Plaintiffs have indicated a fear that Humes would continue to dispose of assets if a ruling on this legal question is not reached now, and I agree that the fear is well-founded. I therefore reissued the preliminary injunction on January 15, 2008 after holding a hearing on Bushman's motion to enforce the injunction.

    1.    <u>The Effect of the Administrative Closure</u>

Did the preliminary injunction remain in effect following my order administratively closing the case? Although I have been unable to find any Eighth Circuit precedent regarding the effect of an administrative closure on a case, every circuit that has reached the question of the effect of an administrative closure has held that "an administrative closing has no effect other than to remove a case from

the court's active docket and permit transfer of records associated with the case to an appropriate storage repository." Florida Ass'n for Retarded Citizens, Inc. v. Bush, 246 F.3d 1296, 1298 (11th Cir. 2001) (quoting Lehman v. Revolution Portfolio LLC, 166 F.3d 389, 392 (1st Cir. 1999)); see also Dees v. Billy, 394 F.3d 1290, 1294 (9th Cir. 2005) (stating "that the effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket" (quoting Mire v. Full Spectrum Lending Inc., 389 F.3d 163, 167 (5th Cir. 2004)); Penn West Ass., Inc. v. Cohen, 371 F.3d 118, 126-27 (3rd Cir. 2004) (holding that a "procedural order of dismissal" was treated as administratively closing the case and that the sole legal consequence of the order was to remove the case from the court's active docket). Similarly, district courts outside of the First, Third, Fifth, Ninth, and Eleventh Circuits have used similar language. See Johnson v. Oldcastle Precast, Inc., 2007 WL 4191975, at *2 (D. Md. Nov. 9, 2007) (stating that administrative closure "is of no legal consequence whatsoever"); Electric Co. v. Nuclear Electric Ins. Ltd., 845 F. Supp. 1026, 1028 (S.D.N.Y. 1994) ("An administrative closing has no effect other than the removal of all case records to the Closed Records office, and in some instances, to

- 4 -

warehouse storage outside of the courthouse.").

Although most of the cases dealing with administrative closure involved whether orders compelling arbitration can be appealed, the reasoning of those cases applies equally well in this context. For example, in Florida Assoc., the Eleventh Circuit reversed a district court decision that refused to reopen a case that had been administratively closed where the plaintiff sought contempt sanctions for the defendants' failure to comply with a previously entered consent decree. 246 F.3d at 1289-99. The Eleventh Circuit held that the district court should have enforced the consent decree because the administrative closure had no effect on the case. It noted that district courts should enforce injunctions "until either the injunction expires by its terms or the court determines that the injunction should be modified or dissolved." Florida Assoc., 246 F.3d at 1299.

Humes argues that Florida Assoc. in inapposite because there the district court had expressly retained jurisdiction and the parties clearly intended for the consent decree to be enforceable. I disagree, because I also retained jurisdiction and the parties intended for the preliminary injunction to be enforceable. In administratively closing this case, I did not intend to terminate my jurisdiction

over the parties or the property that is subject of the PACA trust. The order expressly states that the case can be reopened upon "such time as the bankruptcy proceedings have been concluded or Court action is otherwise allowed." My decision to administratively close this case was purely an administrative procedure intended to take this case off my active docket because the case was "likely to remain moribund for an appreciable period of time." Lehman, 166 F.3d at 392 n.3.

Defendant also argues that the administrative closure must have terminated the preliminary injunction because as a matter of course, the bankruptcy proceeding had the potential to resolve the issues presented in this case. Preliminary injunctions, such as the one issued in this case, are issued to "preserve the status quo until, upon final hearing, a court may grant full, effective relief." Rathmann Group v. Tanenbaum, 889 F.2d 787, 789-90 (8th Cir. 1989) (citation omitted). In this case, the preliminary injunction was issued to prevent the defendants from disposing of PACA trust assets and expressly stated that it would remain in effect until further order of this Court or until defendants paid Bushman a sum of $182,778.50. Certainly if the bankruptcy proceeding had paid Bushman

a sum of $182,778.50, the injunction would have terminated by its terms. Therefore, the possibility that the bankruptcy might resolve the issues of this case had nothing to do with whether the administrative closure terminated the preliminary injunction.

Humes further argues that if I hold that the preliminary injunction remained in effect, I will be mandating that any action involving Spud Packer's assets by the bankruptcy court was also a violation of the preliminary injunction. This argument fundamentally misunderstands the nature of the bankruptcy court and the preliminary injunction. By statute, the bankruptcy court is a unit of this Court. See 28 U.S.C. § 151. Therefore, all of the actions taken by the bankruptcy court on Spud Packer's behalf would have been taken by order of this Court as required by the preliminary injunction. Further, although the bankruptcy trustee might have acted upon Spud Packers' assets, nothing in the injunction prevents that. The injunction only enjoins actions by Spud Packers, Humes, their agents, officers, assigns, and their banking institutions. Spud Packers' bankruptcy trustee is not Spud Packers, nor is he an agent of Spud Packers. He is an agent of the bankruptcy court; he is a separate legal entity, and nothing in the injunction

prevented him performing his duties as required by the bankruptcy code. See Callaghan v. Reconstruction Finance Corp., 297 U.S. 464, 468 (1936); In re Beck Industries, Inc., 725 F.2d 880, 888 (2nd Cir. 1984).

Some cases have expressly held that a pending bankruptcy is an appropriate reason to administratively close a case without legal impact on the district court case. See Mire, 389 F.3d at 167; see also Lehman v. Revolution Portfolio LLC, 166 F.3d at 392-93. Indeed, in Mire, immediately after referring to bankruptcies as a reason to administratively close cases, the Fifth Circuit stated, "The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket." Mire, 389 F.3d at 167. My order administratively closing this case had no effect on the preliminary injunction and that injunction has remained in effect since December 5, 2006.

2.  Amendment to the Preliminary Injunction

As noted above, the current preliminary injunction bars Humes, or his agents, officers, assigns, or banking institutions from paying, withdrawing, transferring, assigning, or selling all existing PACA trust assets or otherwise disposing of corporate or personal assets until further Order of this Court or until

Defendants pay H.R. Bushman the sum of $182,778.50. Even though over $200,000 has been deposited on behalf of defendants in this Court's registry, the injunction remains in force. At this point, it is unclear what amount will actually be paid to Bushman, as a number of additional creditors have filed claims since the original preliminary injunction was issued. As far as I am aware, Bushman has not actually received any payment from Spud Packers.

The amount of uncontested claims has risen dramatically from the uncontested claim of Bushman in November 2006. As of July 2007, the undisputed PACA claims were greater than $1.2 million. As a result, I will amend the preliminary injunction order to remove the language concerning the dollar amount. Humes has filed a motion to amend the injunction, which I have set for a hearing for tomorrow. Although I agree that it is in the best interest of this case to allow him to liquidate the assets of Spud Packers as stated in my November 29, 2007 order, I am very concerned about his proposal to further modify the injunction and wish to hear the claimants' response before further modifying the injunction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff H.R. Bushman's motion to enforce the preliminary injunction [#148] is granted to the extent set forth herein. the law of this case shall be that the preliminary injunction remained in effect following my order administratively closing this case.

**IT IS FURTHER ORDERED** that defendants' motion for contempt [#152] is denied.

An Amended Preliminary Injunction is issued this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of January, 2008.