UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| H.R. BUSHMAN & SON, CORP., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:06CV1638 CDP |
| SPUD PACKERS, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is set for non-jury trial on March 10, 2008, but defendants have reached settlement agreements with most of the PACA claimants. Claimants H. R. Bushman and Idaho Fresh Produce, Inc., object to the settlements, arguing that approving the settlements would allow dissipation of assets that otherwise should be used for the benefit of all the claimants, not just those who are settling. I have carefully reviewed the parties' briefs on this issue, and I conclude that approving the settlements, including the sale of personal assets to fund those settlements, is in the interests of justice.

The proposed settlements will resolve approximately 75% of the PACA claims, and most of the settlement will be paid by personal assets of defendant Terry Humes; the settlements request payment of only $13,463.83 from the funds

previously paid into the registry of the court.  Although the remaining funds in the registry of the court are less than the remaining claims of Bushman and Idaho, the settling claimants are not receiving their entire claimed amounts either.  By relinquishing their claims to the remaining funds in the registry of the court, the settling claimants are assuring that Bushman and Idaho will receive much more from those funds than they otherwise would have received, although, of course, Bushman and Idaho may well receive judgments in excess of the amounts remaining.  But that would be the case even if none of the parties settled, and is not a reason to refuse to approve the settlements.

Additionally, of course, the settlements will greatly simplify the upcoming trial, and will result in significant savings of attorneys fees for all parties – including Bushman and Idaho – as well as significant conservation of judicial resources.  The trial will undoubtedly be shorter, which saves resources of all involved.  There is no reason for the court to insist on a trial for all the parties when legitimate, arms-length settlements have been reached among most of them.

Accordingly,

**IT IS HEREBY ORDERED** that the joint motions to approve settlements [#169, 184] are granted, and defendant Terry Humes is granted relief from the preliminary injunction for the limited purpose of paying the settlement amounts set

forth in the motions to claimants Ruby Robinson Co., Inc.; Ben Holmes Potato Co., Inc.; Frenchman Valley Produce, Inc.; H.C. Schmieding Produce Co., Inc.; George A. Heimos Produce Company, Inc.; Associated Potato Growers, Inc.; O.C. Schulz & Sons, Inc; Monte Vista Potato Growers Cooperative Association; and Western Potato, Inc. Humes may use or liquidate personal assets to the extent necessary to make the settlement payments.

**IT IS FURTHER ORDERED** that the Court reserves until trial the question whether I should request an accounting from Humes regarding the sources for these payments and any liquidation of assets.

**IT IS FURTHER ORDERED** that before the Court issues a pay-out order from the registry of the court, counsel for Humes and/or the Amendola group of claimants must provide the court with the information required by Local Rule 67-13.04(D)(2).

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of February, 2008.