UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| H.R. BUSHMAN & SON, CORP., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:06CV1638 CDP |
| SPUD PACKERS, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on a number of motions. The case is set for non-jury trial next week, and many of the issues raised by the parties' motions will be decided with the case at trial. The only plaintiff who has not settled its claims with defendants is H.R. Bushman & Son, Corp., and factual disputes remain regarding $132,276.50 of its claims. I will deny summary judgment, but this order specifies certain facts that are deemed established for trial. I will once again deny Bushman's request to amend the complaint to add new parties and claims. All other pending motions and issues will be taken with the case at the trial next week.

1. **Undisputed Facts**

The following facts are undisputed and are deemed established for trial, as allowed by Rule 56(d), Fed. R. Civ. P.

Defendant Spud Packers, Inc. bought produce from plaintiff H. R. Bushman & Son, Corp. Both Bushman and Spud Packers operated under valid PACA licenses. Spud Packers failed to pay Bushman invoices totaling $321,553.05.

At least initially, Bushman preserved its rights as a PACA trust beneficiary by including the statutory trust preservation statements on the face of each invoice and sending a copy to defendants. In October Bushman faxed a statement and copies of certain of the invoices to Spud Packers. Certain of the invoices – in amounts totaling $132,276.50 – contain written notations, and the circumstances surrounding these notations, as well as their legal significance, are disputed. The remaining invoices – totaling $189,276.55 – are undisputed, and it is undisputed that the PACA trust rights were properly preserved as to that portion of the debt.

2. **Dispute Precluding Summary Judgment**

A genuine dispute of material fact exists with regard to the question of whether Bushman extended the terms of payment for several invoices to outside the thirty days required for PACA trust protection. Bushman is correct that the Eighth Circuit Court of Appeals has held that neither a course of dealing in accepting late payment nor an oral agreement to extend the terms of payment will overcome the PACA trust protections. See Hull v. Hauser's Foods, 924 F.2d 777, 781-82 (8th Cir. 1991). Still, "PACA trust rights are lost whenever the parties

enter into a written agreement that satisfies the generally applicable Statute of Frauds." Patterson Frozen Foods v. Crown Foods Int'l, 307 F.3d 666, 671-672 (7th Cir. 2002); see also Bocchi Americas Ass'n, Inc. v. Commerce Fresh Mktg., Inc., 2008 WL 183738, at *4 (5th Cir. January 23, 2008); Phillip Mushroom Farms, L.P. v. Gold Star Mushroom Co., Inc., 2004 WL 620166, at *5 (E.D. Pa. March 29, 2004). In this case, Missouri's statute of frauds governs and will be satisfied if a document contains all the essential terms of the contract. Vess Beverages, Inc. v. Paddington Corp., 941 F.2d 651, 654 (8th Cir. 1991).

Viewing the evidence in the light most favorable to defendants, as I must on summary judgment, see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), I conclude that a genuine dispute of material fact remains regarding the amount of $132,276.50. Plaintiff has failed to meet its burden of establishing both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The facts listed above as undisputed, however, are deemed established for purposes of trial, as allowed by Rule 56(d), Fed. R. Civ. P.

## 2. Request to Amend Complaint

Plaintiff requests that I reconsider my order on the motion to amend the complaint. Allowing amendment at this point would unduly delay the proceedings, and is not in the interests of justice. While Bushman is correct that its new allegations relating to Jack Humes and Nancy Humes arise out of transactions occurring in December, it knew about another property transaction back in July, when it filed its motion for contempt, and it argued in that motion that these non-parties benefitted from defendant Terry Humes' violation of the preliminary injunction. If the amendment were allowed at this point due process would require that the trial be postponed, that the new parties be properly served under Rule 4, and that they be given an opportunity for discovery. The interests of justice require this case to be resolved as soon as possible.[1] I will deny the motion to reconsider.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions for summary judgment [#168], for an interim disbursement [# 215], and for reconsideration [#217] are denied.

---

[1] In the less than six weeks since the last hearing in this case, the parties have filed approximately sixty motions, memoranda, or other documents with the court. It is obvious that this case needs to end soon.

**IT IS FURTHER ORDERED** that plaintiffs' motion for entry of judgment on all undisputed PACA claim amounts [#159] is denied as moot.

**IT IS FURTHER ORDERED** that all other pending motions will be taken with the case.

Trial will begin promptly at **9:00 a.m. on Monday, March 10, 2008.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of March, 2008.